

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES E. RATCHFORD,  §<br>　　　　Plaintiff,　　　　§<br>　　　　　　　　　　　　§<br>vs.　　　　　　　　　　§　　Civil Action No. 2:14-707-MGL-MGB<br>　　　　　　　　　　　　§<br>CAROLYN W. COLVIN,　　§<br>Acting Commissioner of Social Security, §<br>　　　　Defendant.　　　　§ | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

　　　　This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying benefits be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 22, 2015, Plaintiff filed his objections on August 10, 2015, and Defendant filed her reply to Plaintiff's objections on August 26, 2015. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB on June 7, 2011, alleging that his disability commenced on May 26, 2011. The Social Security Administration denied his claim, both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on November 7, 2012. The ALJ issued a decision on December 13, 2012, finding that Plaintiff was not disabled under the Act. The Appeals Council declined review. Plaintiff then filed this action for judicial review.

It is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Under the substantial evidence standard . . . ,we must view the entire record as a whole. Additionally, the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).

Plaintiff makes just one objection to the Report: that "the Magistrate Judge incorrectly determined that the Greenville[, South Carolina Office of Disability Adjudication and Review (ODAR)] did not violate Plaintiff's due process rights and the [Administrative Procedures Act

2

(APA)] by failing to assign this case to the same judge that adjudicated plaintiff's prior application." Objections 1 (emphasis omitted) (all capital letters modified). The Court is unable to agree.

As an initial matter, except for the reference to "due process" in Plaintiff's objection, he makes no argument as to that claim. Therefore, the Court will overrule that portion of his objection.

As to Plaintiff's APA claim, under 5 U.S.C. 3105,

> [e]ach agency shall appoint as many administrative law judges as are necessary for proceedings required to be conducted in accordance with sections 556 and 557 of this title. Administrative law judges shall be assigned to cases in rotation so far as practicable, and may not perform duties inconsistent with their duties and responsibilities as administrative law judges.

*Id*.

According to Plaintiff,

> the prejudice here is obvious based upon the fact that this particular ALJ already made negative credibility findings against Plaintiff and it is respectfully submitted that relying on this ALJ to come to a different opinion regarding Plaintiff's credibility is just not plausible. If a singular fact finder consistently hears a case for benefits, and one factor to be examined is a claimant's credibility, how can the fact finder be seen to be impartial when he has routinely taken the same position[?]

Objections 1-2.

"[The Court is] not persuaded that reassigning a case on remand to the same ALJ who presided over [Plaintiff's] initial hearing would violate the APA. The APA requires ALJs to be assigned in rotation 'so far as practicable.' [The Court has found] no cases that suggest that under the circumstances of this case APA § 3105 has been violated." *Sykes v. Bowen*, 854 F.2d 284, 288 (8th Cir.1988). "[T]he 'so far as practicable' language in the statute allows assignments to be

3

determined by more than just the mere mechanical rotation of giving the next case on the docket to the top name on the list of available examiners." *Id*.

Simply put, Plaintiff has failed provide any credible evidence to support his notion that the ALJ's decision here was somehow negatively affected by his decision in Plaintiff's previous case. The Court's review of the record convinces it that the ALJ made his decision based on the evidence in front of him on this particular disability claim, not evidence from Plaintiff's prior one. Further, even if another ALJ had been assigned this case, she or he would have been aware of the ALJ's prior credibility determination. Consequently, it is for these reasons that the Court overrules Plaintiff's objection.

Although not argued by Plaintiff, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), held that the ALJ mistakenly determined the plaintiff's RFC before assessing her credibility. *Id*. at 639. The language that the ALJ employed in doing what he incorrectly did in *Mascio* is almost identical to the language that the ALJ used in this case:

> After careful consideration of the evidence, the undersigned finds that [the plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [the plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id*., *see* A.R. 27. But, because the ALJ here "properly analyzed [Plaintiff's] credibility elsewhere," any allegation of error by the ALJ would be found to be harmless. *See Mascio*, 780 F.3d at 639.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE